20,449-05

Mark E. Lee 1353254
264 F.M. 3478
Huntsville, Texas, 27320

Date: 8-1-15

Sub: Amendment

In the offices of Abel Acosta...
Please find for filing in the cause
of Ex Parte Mark Edward Lee, Tr. Ct. No.
55,933-C, WR-20-449-05, applicants
amended Objection.

Please return to me a file notice.

Mark E. Lee

Respectfully Submitted

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 05 2015
Abel Acosta, Clerk

Ex Parte

WR 20,449-05

No. 55,933-C

In The 27th Judical District Court of Bell Co

Mark Edward Lee

## AMENDED OBJECTION

Now comes the applicant in the above entitled numbered cause and files this, his Objection. to the trial courts findings of fact.

Applicant objects to the findings made by the presiding judge of the 27th Judical District court on July 11th, 2015, because these findings lack evidentiary support in the record and have no basis in law or fact.

### Findings # 11, 12 & 13

The trial court has found that "this is a subsequent petition by the Applicant", "that the factual and legal basis existed at time of previous application" and "applicants petition advances no facts establishing that the current claim was unavailable when he submitted his previous petition, or that, but for a constitut-ional violation, no rational jury would have found him guilty without a reasonable dought"

In alleging that applicants petition is "successive" or "subsequent", the trial court has not met its burden of establishing this claim. Under the res judicata principles, the state, when alleging abuse of the writ bears the burden by showing that: "With clarity and particularity" it notes applicants prior writ history, identifies claims that appear for the first time and alleges abuse of the writ. McClesky v. Zant 499 U.S. 467, 494 (1991), Thomas v. Superintendent 136 F.3d. 227, 229 (1997).

The trial courts only notation made of applicants prior writ history is that it noted: "This is the applicants 3rd petition for post conviction writ of Habeas corpus relief in this case, his first and second having been denied without written order." (see Findings of Facts #4).

Because such notation; as it lacks such esstential elements of applicants writ history (i.e. was initial writ dismissed for technical reasons; did initial writ attack the judgement or sentence on the administration of conviction or sentence; was initial writ dismissed without prejudice; was initial writ adjudicated on the merits, or any variation of these elements) is not in line with the res judacata principles by lacking

Pg. 2

the clarity and particularity set out by the supreme court, the State has failed to meet its burdon. McClesky, supra, at 494, Felker v. Turpin 116 s.ct., 2333, 2340 (1996), Esposito v. U.S. 135 F.3d. 111 (2nd cir. 1997).

The trial court, in its opinion did not follow the "plain statement requirement eventhough thier findings / judgement is clear interwoven with federal law and, therefore, cannot rely on state procedural bar to preclude federal review of applicants claims. Shaw v. Collins 5. F.3d. 128, 129 (5th cir. 1993), Coleman v. Thompson 501 U.S. 722, 734-35 (1991).

Executed August 1st, 2015
Mark E. Lee
Mark E. Lee 1353254
264 F.M., 3478
Huntsville Tex. 77320

Certificate of service

I hereby certify that a true copy of the forgoing Amended Objection was forwanded by U.S. mail, post-paid to: Abel Acosta, clerk, Texas Court of Criminal Appeals P.O. Box 12308, Capital station, Austin, Texas, 78711.

Date August 3d, 2015 Mark E. Lee